Western Assurance Company
for the
M. Winer Company
vs.
Sheindel Tanenbaum

No. 92233.

March 16, 1934.

BAKER, P. J. Heard on demurrer to the declaration.

This is an action of trespass on the case brought by a fire insurance company, which had insured the goods of a certain lessee, against the defendant as lessor of the premises.

The action, according to the declaration, is based on certain alleged negligent acts of the defendant leading to a fire on the premises, which fire damaged the lessee's goods and caused the plaintiff to pay a fire loss.

The first substantial ground in the demurrer is that the declaration does not allege sufficiently how the plaintiff acquired the right of subrogation.

After giving this matter consideration, the Court has come to the conclusion that the plaintiff is not obliged to allege this in its declaration. In the first place, our statutes provide that policies be issued in the standard form, and according to the standard form of policy as set out in General Laws of 1923, Chap. 258, page 1088, the right of subrogation is preserved to the company. Further according to the weight of authority, it would appear that the doctrine of subrogation in insurance is not necessarily dependent upon any statute or custom, or even the terms of the contract. Where the cause of the loss is the tortious conduct of some third person,

then upon payment of the loss the company becomes subrogated by operation of law.

Couch on Insurance, Sec. 1997.

By the weight of authority such action of subrogation may be brought at law, especially when the right of action is in its nature legal as in the case at bar, where the basis of the suit is negligence.

Couch on Insurance, Sec. 1955.

The fact that possibly the tenant had knowledge of certain conditions, as would tend to appear from the declaration, in the judgment of the Court does not in and of itself make the declaration demurrable. This point would seem to raise a question of fact as to the extent and nature of the tenant's knowledge and as to whether that knowledge, on the evidence, could properly be considered as bringing about contributory negligence on the part of the tenant in connection with the fire involved.

The most difficult portion of the demurrer relates to the description of the way the fire occured, as set out in the declaration.

It seems to be settled in this State that if the damage to the lessee's goods occurred by reason of the negligent or improper management by the lessor of the parts of the building and appurtenances not included in the lease, then the lessee has the right of recovery.

*Railton* vs. *Taylor*, 20 R. I. 279.

On the other hand, where defects in the premises leased are obvious and not secret, then the tenant takes the risk of their safe occupancy and an action of negligence cannot be maintained against the landlord for injuries suffered through such defect in the leased premises.

*Whitehead* vs. *Comstock & Co.*, 25 R. I. 423.

It is possible in the case now before the Court that the question of liability may turn on whether the fire was due to negligent management on the part of the lessor or whether it came solely from some defect in the premises, and the further question may be involved as to whether the defect, if any, was in the portion of the premises leased.

These, of course, are questions of fact to be determined at the trial. In this connection, however, the Court is of the opinion that the plaintiff should allege that the chimney in question was under the exclusive control of the defendant, if that was the fact.

For the reasons above stated, the eighth ground of demurrer is sustained and the other grounds are overruled.

For plaintiff: C. Z. Alexander.

For defendant: Frank H. Bellin.